UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

KIMBERLY METCALF,                )
                                 )
     Plaintiff,                  ) Action No. 5:11-CV-336-JMH
                                 )
v.                               )
                                 )
STATE FARM MUTUAL                ) **MEMORANDUM OPINION AND ORDER**
AUTOMOBILE INSURANCE CO.,        )
                                 )
     Intervening Plaintiff,      )
                                 )
                                 )
V.                               )
                                 )
REYNOLDS W. WATKIS,              )
WASHINGTON TRUCKING FLEET,       )
And JOHN DOES 1 THRU 5           )
                                 )
     Defendants.                 )

**          **     **     **     **

     This matter is before the Court on Motion of the
Intervening Plaintiff State Farm Mutual Automobile
Insurance Company ("State Farm") for Clarification of the
Status of Intervening Complaint [Record No. 23].
Defendants Washington Trucking Fleet and Reynolds W.
Watkins timely responded [Record No. 24], and State Farm
replied [Record No. 25]. This matter is now ripe for this
Court's review.

     While this matter was pending in the Scott Circuit
Court, but before Plaintiff Kimberly Metcalf had properly

1

served Defendants with the summons and complaint, State Farm filed a motion for leave to file an intervening complaint. State Farm mailed the motion to the Defendants' address. The Scott Circuit Court allowed State Farm to intervene and, because Defendants were not yet properly before the Scott Circuit Court, directed summons to be issued so that State Farm could serve Defendants with the Intervening Complaint under Rule 5. Summons was issued on September 15, 2011. However, before State Farm served Defendants, Plaintiff properly served Defendants with the plaintiff's initial complaint on September 19, 2011. Thus, Defendants were served and brought before the Scott Circuit Court before State Farm effectuated service of the summons and Intervening Complaint under Rule 4. Defendants timely filed an answer on October 11, 2011 and removed this matter to federal court on October 19, 2011.

State Farm did not, however, serve Defendants with a copy of the Intervening Complaint after the Scott Circuit Court allowed State Farm to intervene. Nonetheless, Defendants had actual knowledge of the order allowing State Farm's intervention and the Intervening Complaint, as they filed these documents in this Court when the matter was removed. State Farm has also participated in this action for the last year, and attended the parties joint planning

2

meeting. [Record No. 13] Defendants do not argue that they have been prejudiced by the delay in service.

State Farm argues that Plaintiff's service of the Defendants inured to State Farm's benefit and that Defendants should be deemed served with the Intervening Complaint and required to answer within twenty days. Defendants argue that because the Intervening Complaint was not served, State Farm did not properly intervene and State Farm must request leave from this court to intervene in the present action anew.  This Court is not persuaded by either argument.

Defendants do not challenge the Scott Circuit Court's Order permitting State Farm to intervene.   Thus, State Farm's status as an intervening party is settled.

The only issue is that of service of the Intervening Complaint. Once a party is before the court, as Defendants were on September 19, 2011, "[a]n intervening party need not serve process in the manner provided for original process in Rule 4." *Allgeier v. United States,* 909 F.2d 869, 875 (6th Cir. 1990).  Service under Rule 5 is proper. *See* 7C Wright, Miller & Kane, *Federal Practice & Procedure* § 1919 (3d ed. 2012).  Service should have been made long before now, however, under the circumstances of this case, no prejudice has been demonstrated.   Accordingly, State

3

Farm may remedy its failure to serve the Defendants by serving the intervening complaint in accordance with Fed. R. Civ. P. 5(b)(1).

**IT IS ORDERED** that the relief requested in State Farm's Motion to Clarify [Record No. 23] is **GRANTED IN PART AND DENIED IN PART**. State Farm, an intervening party, shall have ten days from the entry of this Order in which to serve Defendants with the Intervening Complaint.

This the 17th day of October, 2012.

 Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

4